**SO ORDERED.**

**SIGNED this 22 day of September, 2010.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

OPINION NOT DESIGNATED FOR
ON-LINE OR PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HP DISTRIBUTION, LLP., | ) | Case No. 09-12310 |
| | ) | Chapter 11 |
| | ) | Joint Administration |
| Debtor. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| HITCHIN POST STEAK CO., | ) | Case No. 09-12308 |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JAMES AUXIER and, | ) | |
| BARBARA AUXIER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary No. 10-5083 |
| | ) | |

-1-

| | |
|---|---|
| **XTRA LEASE, L.L.C.** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER GRANTING MOTION FOR REMAND

Plaintiffs James and Barbara Auxier filed this motion to remand the above-captioned adversary proceeding to the Circuit Court of Platte County, Missouri on April 15, 2010, within 21 days of its removal on March 26, 2010.[1] The Court has now reviewed the briefs filed by plaintiffs ("Auxier") and defendant ("XTRA") and is ready to rule.[2]

<u>Procedural and Factual Background</u>

Auxier filed a personal injury action against XTRA in the Circuit Court of Platte County, Missouri on February 16, 2010 alleging that XTRA was liable for damages Auxier sustained when he fell from a semi-tractor trailer leased by XTRA to debtor HP Distribution, Inc. ("HP") (hereafter the "State Case").[3] Auxier demanded a jury trial in the State Case.[4] HP is a chapter 11 debtor in this Court and has previously asserted in a separate declaratory action that its relationship with XTRA should be recharacterized as a security interest instead of a true lease (hereafter the "Lease

---

[1] Adv. Dkt. 11. *See* 28 U.S.C. § 1452; Fed. R. Bankr. P. 9027; D. Kan. LBR 9027.1. XTRA has challenged the timeliness of the remand motion but the Court can construe Auxier's motion, couched in the alternative, as a motion for abstention. Even if Auxier's motion is construed as a motion to abstain rather than a motion to remand, the Court finds the motion to be timely. *See In re Midgard,* 204 B.R. 764 (10th Cir. BAP 1997).

[2] *See* Adv. Dkt. 11, 21, 22, 25.

[3] Adv. Dkt. 1-1, pp. 6-13. Auxier was employed by HP.

[4] Adv. Dkt. 1-1, p. 12.

-2-

Adversary").[5] As a result of HP taking that position, XTRA removed the State Case, first to the United States Bankruptcy Court for the Western District of Missouri which, in turn, transferred the resulting adversary proceeding to this Court.[6] XTRA claims that because the ownership of the trailer may be in dispute and because HP is obligated under the "lease" to indemnify XTRA for Auxier's damages, the State Case is closely related to the bankruptcy case and is a case over which this Court has jurisdiction.[7] Auxier contends that this Court lacks subject matter jurisdiction because his State Case is not "related to" HP's bankruptcy case and moreover, even if there were "related to" jurisdiction, this Court is required to exercise mandatory abstention.[8]

On August 31, 2010, HP filed a motion for approval of a compromise of the Lease Adversary between it and XTRA that would require HP to assume XTRA's lease and dismiss the declaratory action.[9] The September 21 objection deadline to the intended compromise has passed without an objection being filed and the Court will enter an appropriate Order approving the compromise of the Lease Adversary.

With the case in this posture, the Court addresses the merits of Auxier's motion to remand the State Case back to Platte County, Missouri.

Analysis

28 U.S.C. § 1334(b) confers upon the district courts original, but not exclusive jurisdiction

---

[5] *HP Distribution LLP v. XTRA Lease LLC,* Adv. No. 10-5077 (Bankr. D. Kan.) filed April 5, 2010.

[6] Adv. Dkt. 6.

[7] *See* 28 U.S.C. § 1334(b).

[8] *See* 28 U.S.C. § 1334(c)(2).

[9] *See In re HP Distribution,* Case No. 09-12310, Dkt. 402.

of all civil proceeding arising under title 11, arising in or related to a case under title 11. Section 157(b)(1) provides that a bankruptcy judge may hear and determine core proceedings arising under title 11 or arising in a case under title 11 if such a proceeding is referred by the district court.[10] Section 157(c)(1) provides that a bankruptcy judge "may" hear a non-core proceeding that is related to the bankruptcy case, subject to the district court's receipt and review of the bankruptcy judge's report and recommendation concerning that proceeding.[11] Only with the express consent of the parties may a bankruptcy judge hear a jury trial in such a proceeding.[12] All of this is subject to the further limitation that the district court "shall" order that a personal injury claim be tried in the district court in which the bankruptcy case is pending.[13]

XTRA argues that, because it has an indemnity agreement with HP under the terms of its "lease agreement," the outcome of the State Case may have some impact on the chapter 11 case, ostensibly because XTRA may have an additional claim in the HP bankruptcy. In addition, XTRA is concerned that HP will "whipsaw" it in the State Case by claiming here in bankruptcy that it owns the trailer while claiming there that it is only a bailee. XTRA did not seek relief from the stay to take third-party action against HP in the State Case, though that is relief that is customarily granted, at least on a limited basis (*i.e.* to determine liability). As a result, Auxier has been dragged from his

---

[10] 28 U.S.C. § 157(b)(1). The United States District Court for the District of Kansas has by order referred bankruptcy cases and proceedings to the bankruptcy judges in the District of Kansas, including core proceedings arising under title 11 of the United States Code. *See* D. Kan. Rule 83.8.5. *See also In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (Core proceedings are those that have no existence outside of bankruptcy.).

[11] 28 U.S.C. § 157(c)(1) does not permit the bankruptcy court to enter a final order in non-core proceedings absent the parties' consent.

[12] 28 U.S.C. § 157(e).

[13] 28 U.S.C. § 157(b)(5).

home county to a court in Wichita, Kansas, several hundred miles away, to litigate his State Case.

Given that Auxier has declined to consent to this Court's hearing a jury trial of this matter, were it to be retained in federal court, referral of the matter to the District Court would be necessary.[14] Even though the district judges in this District have referred (b)(5) injury cases to the bankruptcy judges, the failure of these parties to unanimously consent to this Court's hearing the jury trial makes its retention of this proceeding tenuous at best.[15] With the apparent agreement that XTRA's relationship with HP is that of a lessor under the pending compromise of the Lease Adversary, the Court can conclude that XTRA owns the subject trailer on which Auxier was allegedly injured. XTRA is a Missouri entity and Auxier a Missouri domiciliary. There is no diversity of citizenship and the only basis for this proceeding being in federal court is this bankruptcy case.

Assuming *arguendo* that the Court has related to jurisdiction over the State Case, there is no reason why this Court should not abstain from hearing this non-core proceeding and many reasons why it should: in the absence of the parties' consent, this Court simply cannot try the jury trial demanded by Auxier.[16] Moreover, the Court is satisfied that the State Case can be timely adjudicated in the Circuit Court of Platte County where it was commenced and that its proceeding forward there will not adversely affect the administration of HP's bankruptcy case.[17] Under these

---

[14] *See Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380 (10th Cir. 1990) (bankruptcy court lacks power to conduct jury trial).

[15] *See* D. Kan. Rule 83.8.5.

[16] *See Kaiser, supra.*

[17] Under the proposed settlement of the Lease Adversary between XTRA and HP, XTRA agrees to vote affirmatively for confirmation of Debtor's plan. *See* No. 09-12310, Dkt. 402.

-5-

circumstances, this Court's abstention is mandatory.[18]  Finally, even if abstention were not mandatory, the Court also finds that the interest of justice compels this Court to exercise its discretion and abstains from hearing the State Case under 28 U.S.C. § 1334(c)(1).  Therefore, plaintiff's motion to remand, or in the alternative, for abstention is GRANTED and the State Case is remanded forthwith to the Circuit Court of Platte County, Missouri.

# # #

---

[18] 28 U.S.C. § 1334(c)(2).